532 S.E.2d 873

Joseph R. FORD, Appellant,

v.

GEORGETOWN COUNTY WATER & SEWER DISTRICT, a Special Purpose District, Robert Plowden, McRoy Skipper, William Hewitt, Robert Barker, James Hinchley, Jr., John Does I through III, and Haynesworth, Marion, Guerard & McKay, L.L.P., solely in their individual capacity, Respondents.

Georgetown County Water & Sewer District, Respondent,

v.

Glenn Adams, Helen C. Casselman, Aram Ehramjian, Bruce Robert Henderson, James Neil Lewis, Sigmunt Kremzner, George D. Onufer, and Carmen R. Russo, Appellants.

No. 25142.

Supreme Court of South Carolina.

Heard March 7, 2000.
Decided June 5, 2000.

---

Gilbert Scott Bagnell, of Columbia, for appellant.

William W. Doar, Jr., of McNair Law Firm, of Georgetown; and James J. Hinchey, Jr., of Haynsworth, Marion, McKay & Guerard, of Charleston, for respondents.

**PER CURIAM:**

This is an appeal from the order of the circuit court ordering the appellants, lot owners in Hagley Estates Subdivision (Hagley Estates), to connect to the Georgetown County Water and Sewer District (District). We affirm.

Hagley Estates was developed in the mid–1960's by a developer which later filed for bankruptcy. The lots were publicly auctioned. In 1967, the General Assembly created the District through Act No. 733, 1967 Acts 1539 to acquire, construct and operate a water and sewer system. The service area would be the County of Georgetown excluding the City of Georgetown and the Town of Andrews. The area to be serviced included Hagley Estates.

In 1971, the South Carolina State Board of Health [1] (DHEC) entered into an agreement with the Hagley Water, Sewer, and Fire Authority (Authority).[2] The agreement called for the Authority to determine appropriate building lots and for DHEC to issue septic tank permits and permits to install private water systems. Authorization could be issued to permit the installation of a septic tank on every third lot provided that the permitee or applicant would subscribe to the community water and/or sewage system at such rates authorized by the Authority when it became available, even if the applicant had a well and/or septic tank. The Authority also sent a letter to the lot owners in Hagley Estates outlining the agreement.

In June 1992, a service agreement was entered into between the District and the Authority to design, construct, operate and maintain a public water system and sewer collector and disposal system throughout the area of Hagley Estates.

In 1997, appellants brought an action challenging the constitutionality of Section 2, of Act Number 733, 1967 Acts 1539. In addition, they argued that the District's Board of Commis-

---

1. South Carolina State Board of Health is the predecessor of South Carolina Department of Health and Environmental Control.

2. The General Assembly created the Authority pursuant to Act No. 285, 1971 Acts 344 on June 03, 1971, forming Hagley Subdivision into public service district which created Hagley Water, Sewer, and Fire Authority and gave it extensive powers in reference to matters dealing with water, sewage and fire protection at the request of DHEC.

sioners should be removed since they were not duly elected in accordance with the law and that all liens placed on their property be voided. The circuit court dismissed the action and ordered the appellants to connect to the District's water and sewer systems. This appeal follows.

■ The trial court found that the impact fees and connection fees charged by the District to its new customers were paid in exchange for water and sewer services provided by the District. Appellants contend that impact fees are general revenue measures unrelated to the services received by the Hagley owners, and as such are taxes that may only be levied through representative government. We disagree.

■ Generally, taxes are imposed on all property for the maintenance of government while assessments are placed only on the property to be benefited. *Hagley Homeowners Association, Inc. v. Hagley Water, Sewer, and Fire Authority,* 326 S.C. 67, 485 S.E.2d 92 (1997). A "charge" is "[t]he price of, or rate for something." *Hagley* quoting Black's Law Dictionary 233 (6th ed.1990). Unlike taxes, charges and assessments are similar in that a person receives something specific in exchange for payment of a charge and/or assessment. *Id.* We held in *Hagley,* that the imposition of a charge in exchange for a service does not constitute taxation for constitutional purposes.

Appellant also contends that the District has not limited itself to providing the Hagley owners with water and sewer and avoids spelling out its exact intentions regarding the impact fees and since the impact fees are not used for a specific purpose they are therefore general charges and as such are taxes and not charges. We disagree.

Recently in *J.K. Construction, Inc., v. Western Carolina Regional Sewer Authority,* 336 S.C. 162, 519 S.E.2d 561 (1999), we discussed at length impact fees. In *J.K. Construction,* customers of a regional sewer authority sought a declaratory judgment challenging the new account fees imposed on new or upgrading customers to pay for future capital improvements. We held that the required payment is a charge, not a tax, and Western Carolina Regional Sewer Authority had uniformly imposed the charge upon those who were required to pay it. We considered that the required payment primarily

benefited those who were required to pay it because they received a special benefit or service as a result of improvements made with the proceeds which was the proper treatment and disposal of sewage. The proceeds would be dedicated solely to capital improvement projects as opposed to being placed in a general fund to be spent on ongoing expenses and maintenance, which is a hallmark of a tax. The revenue generated by the required payment would not exceed the cost of capital improvements to the system. The required payment was uniformly imposed upon those who must pay it (the new customers based on their anticipated usage).

We also found that "[i]mposing a new account fee, while perhaps not the only way to raise such funds, is a reasonable and legitimate method of accruing the funds. Existing customers collectively have paid tens of millions of dollars to build the current system, and it seems eminently fair and reasonable to require new customers to shoulder a portion of the cost of future expansions their presence will demand."

██ Even though the overall benefit may extend beyond Hagley Estates, "a charge does not become a tax merely because the general public obtains some benefit." *J.K. Construction, Id.* The District has only required the impact fee of residents who will benefit from the service to pay the fee (the new customers and individuals requesting additional capacity).

Additionally, we note that this is a unique situation since appellants agreed to tie into the community water and sewer systems once it became available as a condition to receive permits to construct septic tanks. We affirm the circuit court's ruling requiring the appellants to connect to the District's water and sewer systems.[3]

**AFFIRMED.**

---

3. Appellant's remaining arguments are affirmed pursuant to Rule 220(b).