**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOSEPH R. FORD; SIGMUNT KREMZNER;
BRUCE HENDERSON; HELEN
CASSELMAN; ARAM EHRAMJIAN; JAMES
NEIL LEWIS; GEORGE D. ONUFER;
CARMINE RUSSO,
           *Plaintiffs-Appellants,*

v.

GEORGETOWN COUNTY WATER AND
SEWER DISTRICT, and its Director;
ROBERT BARKER, in his individual
and official capacities; ROBERT B.
PLOWDEN; FELIX H. RHUE; JAMES B.
WILKIE; LOUIS R. MORANT; JAMES H.
DUNN; MOCK; WILLIAM J.
SCHWARTZKOPF, the Commissioners
of Georgetown County Water and
Sewer District, each in his
individual and official capacities;
GEORGETOWN LEGISLATIVE
DELEGATION, an association known
as and its purported members; VIDA
MILLER; ARTHUR RAVENEL; JOHN
SNOW; YANCY MCGILL, each in his
or her individual and official
capacities; JAMES HODGES, Governor
of South Carolina in his individual
capacity,
           *Defendants-Appellees.*

No. 02-1570

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-01-4226-2-23)

Submitted: May 20, 2003

Decided: June 17, 2003

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

**COUNSEL**

Gilbert Scott Bagnell, BAGNELL & EASON, L.L.C., Columbia,
South Carolina, for Appellants. William W. Doar, Jr., MCNAIR
LAW FIRM, P.A., Georgetown, South Carolina; James J. Hinchey,
Jr., Mary J. Murray, HINCHEY, MURRAY & PAGLIARINI, L.L.C.,
Charleston, South Carolina; M. Dawes Cooke, Jr., BARNWELL,
WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Car-
olina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

   Appellants, residents of the Hagley subdivision of Georgetown
County, South Carolina, appeal the order of the district court denying
relief on their claims of constitutional infringements by the George-
town Water and Sewer District (the "District"). For the reasons stated
below, we affirm the district court's denial of relief on the ground that
the court lacked subject matter jurisdiction.

The *Rooker-Feldman* abstention doctrine establishes that lower federal courts lack jurisdiction over a litigant's challenge to a state court decision, including challenges alleging the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (noting exclusive jurisdiction over review of state court action is in the Supreme Court of the United States). A federal district court lacks jurisdiction over state court adjudications and "claims that are 'inextricably intertwined' with a state court judgment." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). This doctrine precludes a district court not only from reviewing a decision from a state's highest court, but also the decisions of lower state courts. *Id.*

By prohibiting review of such state court claims, the *Rooker-Feldman* doctrine prohibits a lower federal court from reviewing claims actually presented to a state court, including constitutional claims that derive from the state court judgment. *Allstate Ins. Co. v. West Virginia State Bar*, 233 F.3d 813, 816 (4th Cir. 2000) (citing *Plyler*, 129 F.3d at 731). Thus, "'[a] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Appellants' action before the district court clearly sought review of a state court's proceedings. The South Carolina courts have twice reviewed and rejected Appellants' claims of constitutional deprivations by the District. *See Ford v. Georgetown County Water & Sewer Dist.*, 532 S.E.2d 873 (S.C. 2000); *Hagley Homeowners Ass'n, Inc. v. Hagley Water, Sewer, & Fire Auth.*, 485 S.E.2d 92 (S.C. 1997). Appellants' federal complaint advanced essentially identical claims under federal law and the federal constitution. These claims are so intertwined with the prior state litigation as to warrant application of the *Rooker-Feldman* doctrine leaving the district court without jurisdiction.[1]

---

[1]To the extent that the federal litigation differs from the state litigation, Appellants' claims are barred by the doctrine of res judicata because

Accordingly, we modify the judgment below to reflect that the case is dismissed for lack of jurisdiction,[2] and we affirm the judgment as so modified. *See* 28 U.S.C. § 2106 (2000); *MM ex rel. DM v. School Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

---

Appellants could have raised the federal claims before the state courts but did not. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding that res judicata precludes litigants from retrying issues that were previously raised in a prior action decided on its merits or that could have been raised in the previous action).

[2]A lack of subject matter jurisdiction may be raised at any time by either of the parties or by the court, sua sponte. *See Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997).