Joseph R. FORD; Sigmunt Kremzner; Bruce Henderson; Helen Casselman; Aram Ehramjian; James Neil Lewis; George D. Onufer; Carmine Russo, Plaintiffs–Appellants,

v.

GEORGETOWN COUNTY WATER AND SEWER DISTRICT, and its Director; Robert Barker, in his individual and official capacities; Robert B. Plowden; Felix H. Rhue; James B. Wilkie; Louis R. Morant; James H. Dunn; Mock; William J. Schwartzkopf, the Commissioners of Georgetown County Water and Sewer District, each in his individual and official capacities; Georgetown Legislative Delegation, an association known as and its purported members; Vida Miller; Arthur Ravenel; John Snow; Yancy McGill, each in his or her individual and official capacities; James Hodges, Governor of South Carolina in his individual capacity, Defendants–Appellees.

No. 02–1570.

United States Court of Appeals,
Fourth Circuit.

Submitted May 20, 2003.

Decided June 17, 2003.

Gilbert Scott Bagnell, Bagnell & Eason, L.L.C., Columbia, South Carolina, for Appellants. William W. Doar, Jr., McNair Law Firm, P.A., Georgetown, South Carolina; James J. Hinchey, Jr., Mary J. Murray, Hinchey, Murray & Pagliarini, L.L.C., Charleston, South Carolina; M. Dawes Cooke, Jr., Barnwell, Whaley, Patterson & Helms, L.L.C., Charleston, South Carolina, for Appellees.

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

## OPINION

PER CURIAM.

Appellants, residents of the Hagley subdivision of Georgetown County, South Carolina, appeal the order of the district court denying relief on their claims of constitutional infringements by the Georgetown Water and Sewer District (the "District"). For the reasons stated below, we affirm the district court's denial of relief on the ground that the court lacked subject matter jurisdiction.

The *Rooker–Feldman* abstention doctrine establishes that lower federal courts lack jurisdiction over a litigant's challenge to a state court decision, including challenges alleging the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (noting exclusive jurisdiction over review of state court action is in the Supreme Court of the United States). A federal district court lacks jurisdiction over state court adjudications and "claims that are 'inextricably intertwined' with a state court judgment." *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 199 (4th Cir.1997). This doctrine precludes a district court not only from reviewing a decision from a state's highest court, but also the decisions of lower state courts. *Id.*

By prohibiting review of such state court claims, the *Rooker–Feldman* doctrine prohibits a lower federal court from reviewing claims actually presented to a state court, including constitutional claims that derive from the state court judgment. *Allstate Ins. Co. v. West Virginia State Bar,* 233 F.3d 813, 816 (4th Cir.2000) (citing *Plyler,* 129 F.3d at 731). Thus, " '[a] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 198 (4th Cir.2000) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)).

Appellants' action before the district court clearly sought review of a state court's proceedings. The South Carolina courts have twice reviewed and rejected Appellants' claims of constitutional deprivations by the District. *See Ford v. Georgetown County Water & Sewer Dist.,* 341 S.C. 10, 532 S.E.2d 873 (2000); *Hagley*

*Homeowners Ass'n, Inc. v. Hagley Water, Sewer, & Fire Auth.,* 326 S.C. 67, 485 S.E.2d 92 (1997). Appellants' federal complaint advanced essentially identical claims under federal law and the federal constitution. These claims are so intertwined with the prior state litigation as to warrant application of the *Rooker–Feldman* doctrine leaving the district court without jurisdiction.[1]

Accordingly, we modify the judgment below to reflect that the case is dismissed for lack of jurisdiction,[2] and we affirm the judgment as so modified. *See* 28 U.S.C. § 2106 (2000); *MM ex rel. DM v. School Dist. of Greenville County,* 303 F.3d 523, 536 (4th Cir.2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED.*

---

**1.** To the extent that the federal litigation differs from the state litigation, Appellants' claims are barred by the doctrine of res judicata because Appellants could have raised the federal claims before the state courts but did not. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (holding that res judicata precludes litigants from retrying issues that were previously raised in a prior action decided on its merits or that could have been raised in the previous action).

**2.** A lack of subject matter jurisdiction may be raised at any time by either of the parties or by the court, sua sponte. *See Plyler v. Moore,* 129 F.3d 728, 731 n. 6 (4th Cir.1997).